**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4017

KENNETH A. SWANN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-95-61)

Argued: September 27, 1996

Decided: November 27, 1996

Before MURNAGHAN, Circuit Judge, SMITH, United States
District Judge for the Eastern District of Virginia, sitting by
designation, and MICHAEL, Senior United States District Judge for
the Western District of Virginia, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston,
West Virginia, for Appellant. Margaret Agnes Hickey, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** C. Cooper Fulton, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Swann was convicted of possessing with intent to distribute a quantity of marijuana. He claimed a search warrant which produced evidence against him was invalid, not being based on probable cause. The district judge agreed that the warrant was invalid but would not suppress the evidence discovered by the police, relying on the good faith exception of United States v. Leon, 468 U.S. 897 (1984). However, the case on which he relied, United States v. Edwards, 798 F.2d 686 (4th Cir. 1986), has been followed to the contrary effect by a later and even more related one, United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), which denied application of the Leon exception because of the bare bones nature of the affidavit and because the state magistrate issuing the warrant could not have acted as other than a rubber stamp in approving such an affidavit. Id. at 122.

The later and more relevant authority controls so we conclude that the decision of the district court denying suppression should be reversed, and the case remanded for further proceeding.

REVERSED AND REMANDED

2